UNITED STATES of America, Plaintiff-Appellee,

v.

Clifton Keith GOSSMAN, Defendant-Appellant.

No. 71-2402

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 6, 1972.

* ▮ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

968

**968**

Robert R. Vawter, Jr., Shackleford, Farrior, Stallings & Evans (Court Ap-

pointed), Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Ronald H. Watson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Gossman appeals from a judgment of conviction entered upon a jury verdict of guilty of four counts of possession of Government checks knowing them to have been stolen from the United States mail [1] and four counts of uttering the same checks.[2] He specifies as errors the admission of testimony of the Government's sole rebuttal witness concerning a similar criminal act which he had committed but for which he had not been convicted, and proof, by affidavit only, that the checks in question were mailed. We affirm.

█ The Government's rebuttal testimony arose in this context. On cross-examination Gossman admitted that he had previously been convicted of thirteen counts of forging and uttering and twenty-two counts of worthless checks. He denied that since the date of his last conviction he had cashed any checks that did not belong to him. On re-direct, however, he related, upon questioning by his counsel, that he had cashed a check belonging to a Katherine Watson which she had endorsed and given to him. On the Government's rebuttal Katherine Watson testified over objection that Gossman had stolen a Social Security check from her which she had not endorsed.

Gossman's complaint that this evidence was inadmissible collateral criminal conduct introduced for the purpose of impeachment gives us little pause. There is no doubt that Gossman during his appearance on the stand was reticent, to say the least, about disclosing the Watson incident, and did not until prodded to do so by his counsel on redirect. And then he lied about it.

1. 18 U.S.C.A. § 1708.

2. 18 U.S.C.A. § 495.

It would be sheer nonsense to forbid the Government on rebuttal to show the truth of what transpired because this was not collateral criminal conduct unrelated to the offenses for which Gossman was being tried. This was evidence of an act of the accused closely related in time and character to the offenses charged, and proved a consistent pattern of conduct relevant to the issue of intent. United States v. Smith, 5 Cir. 1970, 433 F.2d 1266, 1270.

■■ Gossman's contention that the Government sought to establish that the checks in question were placed in the mail by introducing inadmissible affidavits to that effect by the custodians of the records of the Treasury Department is without merit. The official records which proved the mailings were admitted without objection under Rule 27, Fed.R.Crim.P. Gossman's objection actually went only to the introduction of the affidavits of the custodians attached to the official records. They were admissible under the rule. In any event we are unable to perceive how such affidavits could have possibly been prejudicial to Gossman.

Affirmed.